**FILED**
August 26, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JAIRO GEOVANY LOPEZ NUNEZ, A# 221 467 186,** <br> **Petitioner,** <br> **v.** <br> **WARDEN, South Texas ICE Processing Center, ET AL.,** <br> **Respondents.** | §§§§§§§§§§§ | **NO. SA-26-CV-05292-OLG** |

**SHOW CAUSE ORDER**

Before the Court is a purported 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by *pro se* Petitioner Jairo Geovany Lopez Nunez, an immigration detainee. (Dkt. No. 1). Upon review, the Court's finds the Petition deficient. Accordingly, Petitioner is ordered to show cause why this matter should not be dismissed by filing an amended petition that includes the information described below.

The Petition contains no viable grounds for habeas relief. (Dkt. No. 1). Rather, as grounds for habeas relief the Petition states: (1) Petitioner was detained unlawfully, which appears to assert a Fourth Amendment claim; (2) Petitioner fears returning to his home country; and (3) Petitioner is the sole provider for his family. (*Id.*). Petitioner bears the burden of proving he is "in custody in violation of the Constitution or law or treaties of the United States." *Villanueva v. Tate*, 801 F. Supp.3d 689, 696 (S.D. Tex. 2025) (quoting 28 U.S.C. § 2241(c)(3)). Petitioner has not carried his burden.

Petitioner's Fourth Amendment claim—the claim that he was unlawfully detained—is not properly before the Court; it is not a basis for habeas relief based on Petitioner's continued detention. *See Antonio v. Bondi*, No. 26-CV-610, 2026 WL 1213820, at *2 (W.D. Tex. May 4,

2026) (explaining that alleged Fourth Amendment violation "has no bearing on the legality of detention ... during removal proceedings"). Similarly, Petitioner's credible fear claim is not properly before this Court because credible fear claims are not reviewable by this Court. *See* 8 C.F.R. § 1003.42(a). When an alien asserts a credible fear claim, an asylum officer makes a credible fear determination that can only be reviewed by an immigration judge. *Id.* Moreover, there is no appeal from the immigration judge's determination to this Court or the Bureau of Immigration Appeals; rather, the Attorney General, in his or her discretion, may direct the immigration judge to refer a case for the Attorney General's review. *Id.* § 1033.42(f)(2), (3). Thus, the Court finds Petitioner's "credible fear" claim is not a habeas ground reviewable by this Court. Finally, Petitioner's claim that he is the sole provider for his family, even if true, does not establish he is detained in violation of the Constitution or federal law. Thus, the Court finds Petitioner has failed to assert any viable habeas grounds.

To avoid dismissal, Petitioner must file an amended petition stating grounds for relief that are reviewable by this Court and that establish he is in custody in violation of the Constitution or federal law. The stated grounds must be supported by sufficient underlying facts, including: (1) the date and circumstances of Petitioner's initial entry into the United States; (2) whether upon entry he was detained; (3) the circumstances of any prior release by immigration authorities, for example, parole, order of supervision, etc.; (4) whether he has been compliant with the terms of any prior release; (5) the date and circumstances of his arrest and re–detention by immigration authorities; and (6) any criminal history. Any amended petition must be signed and dated. The Clerk of Court will provide Petitioner with a § 2241 form along with this Order.

**IT IS THEREFORE ORDERED** that **on or before September 26, 2026,** *pro se* Petitioner Jairo Geovany Lopez Nunez must show cause why this matter should not be dismissed by filing an amended petition that includes allegations that are reviewable by this Court showing he is in custody in violation of the Constitution or law of the United States, and the following factual information: (1) the date and circumstances of Petitioner's initial entry into the United States; (2) whether upon entry he was detained; (3) the circumstances of any prior release by immigration authorities, for example, paroled, order of supervision, etc.; (4) whether he has been compliant with the terms of any prior release; (5) the date and circumstances of his arrest and re-detention by immigration authorities; and (6) any criminal history.

**If *pro se* Petitioner Jairo Geovany Lopez Nunez fails to respond to this Show Cause Order by filing an amended petition with proper habeas grounds and sufficient factual information, the Petition may be dismissed without prejudice by this Court without further notice for want or prosecution and failure to comply with this Court's Order. *See* FED. R. CIV. P. 41(b).**

The Clerk of Court is directed to provide Petitioner with a § 2241 immigration habeas form.

It is so **ORDERED**.

**SIGNED** this 26th day of August, 2026.

ORLANDO L. GARCIA
United States District Judge